17-2460-ag
Tahir v. Barr

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of October, two thousand nineteen.

PRESENT:  GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
RICHARD J. SULLIVAN,
*Circuit Judges.*

------------------------------------------------------------------

MUHAMMAD AHTESHAM TAHIR,

*Petitioner*,

v.                                                    No. 17-2460-ag

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

*Respondent*.

------------------------------------------------------------------

FOR PETITIONER: AMY NUSSBAUM GELL, Gell & Gell, New York, NY.

FOR RESPONDENT: ALISON MARIE IGOE, Senior Counsel for National Security, Office of Immigration Litigation (Lyle D. Jentzer, Senior Counsel for National Security, Office of Immigration Litigation, *on the brief*), *for* Chad A. Readler, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Muhammad Ahtesham Tahir, a native of Iran and citizen of Pakistan, petitions for review of an August 3, 2017 decision of the BIA denying Tahir's motion to reopen his removal proceedings. See In re Muhammad Ahtesham Tahir, No. A088 185 601 (B.I.A. Aug. 3, 2017). Although it is undisputed that Tahir's motion to reopen was untimely because it was filed more than three years after his removal order became final, Tahir nevertheless moved to reopen on the

2

ground that conditions for members of the media have worsened in Pakistan since the Immigration Judge's August 7, 2012 decision denying Tahir's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

The applicable standards of review are well established.   See Jian Hui Shao v. Mukasey, 546 F.3d 138, 168–69 (2d Cir. 2008); In re S-Y-G-, 24 I. & N. Dec. 247, 253 (B.I.A. 2007).   "We review a BIA decision to deny reopening deferentially for abuse of discretion," which exists where "the BIA's decision-making was arbitrary or capricious . . . as evidenced by a decision that provides no rational explanation for the agency's conclusion, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."   Jian Hui Shao, 546 F.3d at 168–69 (quotation marks omitted).   "[A]gency fact-finders have a particular duty explicitly to consider relevant evidence of country conditions when a petitioner bases a motion to reopen on a purported change in those conditions.   Where such consideration

3

has been given, we review the BIA's fact-finding only for substantial evidence." Id. at 169 (quotation marks omitted).

Here, the BIA explained that "the current country report, the news articles, and the media kit proffered do not sufficiently demonstrate changed circumstances or conditions in Pakistan (since the Immigration Judge's August 7, 2012 decision) that materially affect [Tahir's] eligibility." Certified Admin. R. at 3. Although some of the proffered country conditions evidence supports an inference that conditions have worsened for journalists in Pakistan in recent years, other evidence suggests that the threats and attacks against members of the media existed well before 2012 and have "continu[ed]" in recent years. Certified Admin. R. at 45, 48. Even assuming the proffered evidence establishes that conditions in Pakistan have worsened to some degree since the Immigration Judge's 2012 decision, the BIA reasonably concluded that Tahir failed to demonstrate a material change in country conditions excusing the untimely filing of his motion. See 8 U.S.C. § 1229a(c)(7)(C)(i); see also In re S-Y-G-, 24 I. & N. at 257 ("Change that is incremental or incidental does not meet the . . . requirements for late motions of this type.").

4

On this record and under our deferential standard of review, we conclude that the BIA did not err in denying Tahir's motion to reopen.

Because we find no error in the BIA's determination that Tahir failed to establish changed country conditions, we need not address the BIA's alternative basis for denying Tahir's motion—his failure to establish prima facie eligibility for relief.   See INS v. Bagamasbad, 429 U.S. 24, 25 (1976).

We have considered Tahir's remaining arguments, including that the BIA violated his due process rights in declining to reopen and remand for a hearing on a second asylum application, and conclude that they are without merit.

For the foregoing reasons, the petition for review is DENIED.   All pending motions are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5